# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6247 | **DATE** | August 23, 2012 |
| **CASE TITLE** | Ramirez Highsmith (#2011-0917170) vs. Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc [3]) is denied without prejudice. Plaintiff is granted thirty days to submit an amended *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or to pay the full $350 filing fee. Plaintiff is also ordered to show cause in writing within 30 days of this Order why his complaint should not be dismissed as barred by the applicable statute of limitations. Plaintiff's failure to fully comply with this Order will result in the matter being dismissed on the understanding that he does not wish to proceed with his case.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff Ramirez Highsmith, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

    Plaintiff seeks leave to proceed *in forma pauperis*. However, his motion is incomplete. Northern District of Illinois Local Rule 3.3 requires that persons lodging new lawsuits must either pay the statutory filing fee or file a petition for leave to proceed *in forma pauperis,* using the court's form and signing the form under penalty of perjury. The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. The Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1), also requires inmates to provide a certified copy of their trust fund account statement (or institutional equivalent) for the six month period immediately preceding the lodging of the complaint. Plaintiff's *in forma pauperis* application is not certified by the trust fund officer and does not include a complete certified copy of his trust fund account for a six month period. If Plaintiff wants to proceed, he must file a motion for leave to file *in forma pauperis* on the court's form and have an authorized official provide information regarding Plaintiff's trust fund account, including a copy of his trust fund account statement. Plaintiff must also write the case number in the space provided for it. Failure to complete the required form fully or otherwise comply with this Order are grounds for dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980).

    Furthermore, under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Plaintiff alleges that he was housed in a cell with no running water, no ventilation, roaches, mice, and spiders in 2008 at Cook County Jail. Plaintiff does not indicate how long he was in the cell. However, it appears that Plaintiff's claim is time-barred.

    Federal courts borrow and apply a state's personal injury statute of limitations to civil rights actions brought pursuant to 42 U.S.C. § 1983. *See Eison v. McCoy*, 146 F.3d 468, 470 (7th Cir. 1988) (citation omitted). The applicable statute in this instance is 735 ILCS 5/13-202, which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992).

    A civil rights action generally accrues when the plaintiff knew or had reason to know of the injury that is the basis of his claim. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). Plaintiff would have known that he was

| STATEMENT |
|---|
| housed in a condemned cell in 2008 when he entered the cell. Thus, he would have had to have filed suit within two years of that time (some time in 2010). Plaintiff did not file suit until July of 2012.<br>      Based on the above, it does not appear that Plaintiff's suit is timely. Accordingly, Plaintiff is also ordered to show cause in writing within 30 days of this Order why his complaint should not be dismissed as barred by the applicable statute of limitations. Plaintiff's failure to fully comply with this Order will result in the matter being dismissed. |
| |